WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Wade Merritt,<br><br>                  Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>                  Defendant. | No. CV-13-01208-TUC-BPV<br><br>**ORDER** |

      Plaintiff, Thomas Wade Merritt, filed this action for review of the final decision of the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff presents one issue on appeal: whether the Administrative Law Judge (ALJ) erred by failing to articulate consideration of whether Plaintiff's condition meets or equals the listed criteria for an orthopedic impairment in 20 C.F.R. 404, Subpart P, Appendix 1 ("the Listings" or "Listing of Impairments"). (Doc. 19.) Before the court is an opening brief filed by Plaintiff (Doc. 19), the Commissioner's opposition (Doc. 21), and Plaintiff's brief in reply (Doc. 22). The United States Magistrate Judge presides over this case pursuant to 28 U.S.C. § 636 (c) and Fed.R.Civ.P. 73, having received the written consent of both parties. (Doc. 14.)

      For the reasons discussed below, the Commissioner's decision denying benefits is affirmed.

**I.   Background**

Plaintiff filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on October 14, 2010, alleging disability as of June 19, 2006, due to back injury, high blood pressure, high cholesterol, leg pains, lower back injury, and shooting pains in his legs. Transcript/Administrative Record (Tr.) 187-196, 215. The application was denied initially and on reconsideration. Tr. 73-74, 89-90. Plaintiff appeared with counsel and testified before an ALJ at an administrative hearing. Tr. 45-72. On May 24, 2012 the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 20-40.

A.   The ALJ's Findings and Conclusions

The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act through December 31, 2011. Tr. 25, ¶ 1. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 17, 2006. Tr. 25 ¶ 2. The ALJ found that Plaintiff has the following severe impairments: low back pain secondary to degenerative disc disease with radiculopathy and adjustment disorder with depressed mood. Tr. 25, ¶ 3. The ALJ found that Plaintiff's impairments did not meet or equal any of the impairments found in the Listings. Tr. 26, ¶ 4. The ALJ found that Plaintiff has the Residual Functional Capacity (RFC) to perform light work subject to limitations and is unable to perform any past relevant work, but that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and concluded that Plaintiff was not under a disability from June 19, 2006 through the date of the ALJ's decision. Tr. 27, ¶5, Tr. 38-39, ¶¶ 6-11.

This decision became the Commissioner's final decision when the Appeals Council denied review. Tr. 1-3. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c). (Doc. 1.)

## II. Legal Standard

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). " 'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Comm'r, Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* (quoting *Robbins,* 466 F.3d at 882). The Court reviews only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

The first two steps of the five-step test to determine if a claimant is disabled involve threshold determinations that the claimant is not presently working and has an impairment which is of the required duration and which significantly limits the claimant's ability to work. *See Sullivan v. Zebley*, 493 U.S. 521 (1990); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a). In the third step of the five-step analysis, the ALJ must determine whether a claimant's impairment meets or equals an impairment in the Listing of Impairments, found at 20 C.F.R. Part 404, Subpt. P, App. 1. *See id.* §§ 1520(a)(4), 416.920(a)(4). A claimant with an impairment which (1) meets or equals an impairment listed in Appendix I and (2) meets the duration requirement is awarded benefits at step three without further inquiry. *See id.* §§ 404.1520(d), 416.920(d).

The Listings describe specific impairments of each of the major body systems which are considered "severe enough to prevent a person from doing any gainful activity, regardless of his or her age, education, or work experience" and designate "the objective medical and other findings needed to satisfy the criteria of that listing." *See id*. §§ 404.1525(a), (c)(3), 416.925(a), (c)(3). A mere diagnosis is insufficient to meet or equal a listed impairment; a claimant must establish that he or she "satisfies all of the criteria of that listing, including any relevant criteria in the introduction." *See id*. §§ 404.1525(c)(3), (d), 416.925(c)(3), (d).

To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment. *See generally* 20 C.F.R. §§ 404.1526 (explaining medical equivalence); 416.926 (same). Medical equivalence can be found for a listed impairment, an unlisted impairment, or a combination of impairments. *See id*. §§ 404.1526(b), 416.926(b). If, as in this case, a claimant has an impairment described in the Listings, but does not exhibit one or more of the findings specified in the particular listing, or exhibits all of the findings but one or more findings is not as severe as specified in the listing, a finding that the impairment is medically equivalent to the listing is appropriate when other findings related to the impairment are found that are at least of equal medical significance to the required criteria. *Id*. A generalized assertion of functional problems is not enough to establish disability at step three. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (citing 20 C.F.R. § 404.1526.)

**III.   Analysis: The ALJ Did Not Err in Determining that Plaintiff's Impairment Does Not Equal a Listed Impairment**

Plaintiff contends that the ALJ erred by failing to specifically articulate his consideration of whether Plaintiff's condition was equivalent to the Listings, § 1.04(A), regarding spinal disorders. (Doc. 21 at 16-19.)[1] As Plaintiff correctly notes, the ALJ did

---

[1] Plaintiff has withdrawn his argument articulated in his opening brief that his condition meets the criteria in the Listing of Impairments, acknowledging that the

not articulate his step-three analysis, but simply concluded that no impairment or combination of impairments met or equaled a Listing. Tr. 26, ¶ 4. However, as discussed below, the ALJ adequately stated the foundations on which his ultimate factual conclusions were based, *see Gonzalez v. Sullivan*, 914 F.2c 1197, 1201 (9th Cir. 1990), and substantial evidence supported the conclusion that Plaintiff's impairments do not meet or equal the Listing of Impairments. Moreover, Plaintiff has the burden of proof at step three on whether his impairments met or equaled a listed impairment. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Nonetheless, Plaintiff failed to present any argument to the ALJ or Appeals Council that the evidence demonstrates the requisite severity and duration to establish disability under the Listings. Nor did he present any medical opinion evidence that stated that Listing 1.04 was met or equaled.

    The ALJ is obligated to consider the relevant evidence to determine whether a claimant's impairment or impairments meet or equal one of the specified impairments set forth in the Listings. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir.2001); 20 C.F.R. § 416.920(a)(4)(iii). Generally, a "boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not [meet or equal a Listing]." *Lewis*, 236 F.3d at 512; *see also, e.g., Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (noting that the ALJ's unexplained finding at step three was reversible error). The Ninth Circuit has recognized, however, that the ALJ need not recite the reasons for his or her step three determination under the heading "Findings," so long as the evidence is discussed in the ALJ's decision. *Lewis*, 236 F.3d at 513. Moreover, a boilerplate finding may be appropriate where a claimant fails to set forth any evidence for the ALJ to conclude an impairment could meet or equal a Listing. *See Gonzalez*, 914 F.2d at 1201.

    Although the ALJ did not make specific findings as to whether Plaintiff met or equaled Listing 1.04(A), The ALJ discussed, at length, the objective medical evidence supporting his findings that the Plaintiff did not meet or equal the criteria of any listed

---

Commissioner correctly noted in her responsive brief the absence of recorded findings of muscle weakness or reflex lost. (Doc. 22, p. 3-4, n. 3)(citing Doc. 23, p. 9.)

impairment. *See* Tr. 28-35. Section 1.04(A) of the Listing requires a claimant to show disorders of the spine, such as herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture, resulting in compromise of a nerve root or the spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 (A) (2013).

The ALJ adequately explained his finding regarding Listing § 1.04(A) through observations in the opinion that although Plaintiff's MRI showed some evidence of nerve root compression, he was also found to have full strength in all of his extremities with no signs of muscle atrophy or weakness and no evidence of reflex loss and limited evidence of sensory loss. *See* Tr. 29-32. These findings are relevant to the specific criteria established in the Listings, and supported by substantial evidence in the record. *See* Tr. 263 (no motor or sensory deficit); 265-66 (normal bulk and tone, no visible signs of atrophy, full (5/5) strength, normal reflexes); 277 (no muscle atrophy); 283 (equal strength, intact and symmetrical reflexes); 285 (full (5/5) strength in all of his extremities, intact sensation and reflexes); 290 (full (5/5) strength, normal reflexes); 312 (full (5/5) strength, and intact sensation); 319 (normal sensation);335 (full (5/5) strength with normal overall tone and normal sensation); 386 (normal sensation)).

Plaintiff failed to present any supporting evidence of medical equivalence at his hearing and his representative correspondence to the Appeals Council is vague and conclusory as to medical equivalence. *See* Tr. 45-72, 253-58. Though in his representative correspondence to the Appeals Council Plaintiff referred to several objective medical findings in the record, (*see* Tr, pp. 11-13), Plaintiff did not explain how these objective findings equal the severity of the listed impairment. For these reasons, the ALJ's finding that Plaintiff has no medically equivalent impairment was not in error. *See*

*Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir.2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination unless the claimant presents evidence in an effort to establish equivalence.") (citation omitted); *Lewis*, 236 F.3d at 514 (affirming where the ALJ did not discuss the claimant's impairments or compare them to any listing, but where the claimant offered "no theory, plausible or otherwise" and "pointed to no evidence" supporting a finding that he met or equaled a listed impairment).

Plaintiff now argues that the objective findings related to the impairment are of at least equal medical significance, asserting specifically for the first time in his reply brief that the evidence of muscle spasms, radiculopathy, limited spinal range of motion, and positive straight-leg raising tests meets the equivalency requirement. (*See* Doc. 22, p. 2.) "Equivalence is determined on the basis of a comparison between the 'symptoms, signs and laboratory findings' about the claimant's impairment as evidenced by the medical records 'with the medical criteria shown with the listed impairment.'" *Marcia*, 900 F.2d at 176 (citing 20 C.F.R. § 404.1526). Plaintiff, however, makes no attempt to compare Plaintiff's symptoms, signs and laboratory findings with the medical criteria shown with the listed impairment, or to offer any theory as to how Plaintiff's condition equals a listed impairment, and therefore does not sufficiently raise the argument that the findings are equal in severity to Listing 1.04(A).

While Plaintiff asserts that paraspinal muscle spasms may "be more excruciating than the primary condition" allegations of pain cannot substitute for a missing or deficient sign or laboratory finding to raise the severity of an impairment to that of a listed impairment. *See* 20 C.F.R. §§ 404.1529(d)(3); 416.929(d)(3). The evidence of radiculopathy, positive straight-leg testing, and decreased range of motion, merely restates the required 1.04(A) listing criteria of limitation of motion of the spine, neuro-anatomic distribution of pain and positive straight-leg testing (sitting and supine), which Plaintiff arguably may meet, but does not establish that the impairment equals the full severity of the listing which requires, beyond these criteria, the more severe and involved

findings of motor loss accompanied by sensory or reflex loss. *See* the Listings, § 1.04(A). Plaintiff must present medical findings "equal in severity to *all* the criteria for the most similar listed impairment." *Zebley*, 493 U.S. at 521 (1990) (citing 20 C.F.R. § 416.926(a))(emphasis in original).[2] The Court finds that while some of the objective findings meet the some of the criteria for Listing § 1.04(A), the listing is not met, and the objective findings designated by Plaintiff are not of equal medical significance to the required criteria. Thus, the ALJ adequately addressed Listing 1.04(A) and did not commit legal error.

Accordingly,

IT IS ORDERED:

1. The Commissioner's decision denying benefits is AFFIRMED.

2. The Clerk is directed to enter judgment accordingly.

Dated this 3rd day of October, 2014.

_____
Bernardo P. Velasco
United States Magistrate Judge

---

[2] The Court rejects Plaintiff's assertion that the Commissioner's reliance on *Zebley* is misplaced because the *Zebley* court was quoting a former version of the regulation as the Ninth Circuit has since affirmed that "the regulations substance has not been altered in a manner that casts doubt on *Zebley's* continuing validity in this context." *See Kennedy v. Colvin*, 738 F.3d 1172, 1176 n.4 (9th Cir. 2013)(requiring claimants to equal each criterion of the Listing rather than relying on overall functional impact).